IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JACQUALYNN GARRISON and                                                    PLAINTIFFS
OSAMAH A. BAKRI

V.                              CASE NO. 5:19-cv-05021

ROCK CREEK HOLDING, LLC;
WADE A. WRIGHT; CHIEF OF POLICE
JON SIMPSON; SHERIFF SEAN
HOLLOWAY; ROBERT M. WILSON;
LESLIE N. MANN; DEUTSCHE BANK
NATIONAL TRUST COMPANY; and
OCWEN FINANCIAL
CORPORATION/OCWEN LOAN
SERVICING                                                                   DEFENDANTS

## OPINION AND ORDER

Plaintiffs, Jacqualynn Garrison and Osamah A. Bakri,[1] have filed this action for injunctive relief alleging that the Court has federal question jurisdiction. This action is an attempt to cease an ongoing foreclosure action against property located at 1201 S.W. 2nd Street in Bentonville, Arkansas, and to resist an unlawful detainer action. Plaintiffs operate the property as a bed and breakfast. In addition to the Complaint, Plaintiffs have filed a motion for temporary restraining order or preliminary injunction (Doc. 4) and a motion to exercise the right for arbitration (Doc. 7). Plaintiffs name as Defendants: Rock Creek Holding, LLC; Wade A. Wright; Chief of Police Jon Simpson; Sheriff Sean Holloway; Robert M. Wilson; Leslie N. Mann; Duetsche Bank National Trust Company; and Ocwen Financial Corporation/Ocwen Loan Servicing.

---

[1] It appears only Bakri has signed the pleadings for both Plaintiffs. One *pro se* plaintiff may not represent another. Both plaintiffs must sign all pleadings.

1

The order and decree of foreclosure was entered on May 12, 2016, by the Circuit Court of Benton County, No. CV-15-1177-4. On January 9, 2019, a three-day notice to vacate the property was posted on the front door by Defendant Wright. An unlawful detainer action was filed in the Circuit Court of Benton County on January 15, 2019, No. 04-CV-19-104.

Plaintiffs have on two other occasions filed actions in this Court involving the same issues. The case of *Garrison and Bakri v. Deutsche Bank National Trust, et al.*, Civil No. 5:18-CV-05084, was filed on May 17, 2018, and dismissed, prior to service of process being issued, for lack of subject matter jurisdiction on June 25, 2018. *Garrison and Bakri v. Robert M. Wilson, et al.*, Civil No. 5:18-CV-05121, was filed the following day, June 26, 2018, and dismissed for lack of subject matter jurisdiction on June 27, 2018.

Two Motions to Dismiss have been filed (Docs. 8, 11). Sheriff Holloway asks in his motion (Doc. 8) that the case be dismissed under Rule 8(a) and Rule 12(b)(6) of the Federal Rule of Civil Procedure for failure to state claims upon which relief may be granted. Chief Simpson in his motion (Doc. 11) maintains the case is subject to dismissal pursuant to Rules 8(a) and 12(b)(6) for failure to state a claim and under Rule 12(h)(3) for lack of subject matter jurisdiction.

## I. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as

2

true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Federal courts are courts of limited jurisdiction. *See, e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*. *Dieser v. Continental Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

## II. DISCUSSION

Bakri alleges that federal subject matter jurisdiction exists in this case. To establish this, he refers to the following sources of federal law that allegedly underlie his claims: the Fourth Amendment to the United States Constitution; 28 U.S.C § 1691; 12 U.S.C. § 3708; 18 U.S.C. §§ 221 & 242; 15 U.S.C. § 1692(e); 42 U.S.C. §§ 1986 & 1988; and 28 U.S.C. § 2201. The Fourth Amendment to the United States Constitution prohibits unlawful searches and seizures by individuals acting under color of law. Claims for violation of constitutional law may be brought under 42 U.S.C. § 1983. To

state a § 1983 claim, a plaintiff must allege a violation of a constitutional right by a person acting under color of state law. Private parties do not become state actors merely by use of state foreclosure proceedings. *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("[T]he fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action."). Moreover, any actions to remove Bakri and Garrison from the property were taken in accordance with state law. There has been no unlawful search or seizure within the meaning of the Fourth Amendment.

Section 1691 of Title 28 provides that "[a]ll writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." 28 U.S.C. § 1691. This statute does not grant subject matter jurisdiction. Instead, it merely dictates the formalities required when writs or process are issued.

Section 3708 of Title 12 is part of a uniform federal foreclosure procedure that applies to the foreclosures of multifamily mortgages by the Secretary of Housing and Urban Development. 12 U.S.C. § 3701 *et seq.* Section 3708 merely sets forth the procedure for service of the notice of default and foreclosure sale. Clearly, Plaintiffs may not rely on this provision.

Next, 18 U.S.C. § 221, which has been renumbered as § 216, establishes a civil cause of action in favor of the United States Attorney General "against any person who engages in conduct constituting an offense under section 203, 204, 205, 207, 208, or 209 of this title." 18 U.S.C. § 216(b). The person may be subject to civil penalties for the amount of compensation the person received for the prohibited conduct. *Id.* Plaintiffs may not rely on this provision in advancing their claims.

Section 242 of Title 18 defines a criminal offense. 18 U.S.C. § 242. There is no private cause of action under this statute. *See, e.g., Rockefeller v. United States Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17 (D.D.C. 2003) (observing that 18 U.S.C. §§ 242 and 371 are criminal statutes and provide no private cause of action).

Next, Plaintiff cites to 15 U.S.C. § 1692e, a part of the Fair Debt Collection Practices Act ("FDCPA"). None of the facts alleged in the Complaint describe deceptive debt collection practices that are prohibited under the law, since none of the Defendants named in the Complaint have threated to take an action—in this case, a foreclosure action and an unlawful detainer action against Plaintiffs—that cannot otherwise be legally taken. *See Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000) ("[I]t is a violation of the FDCPA to threaten to 'take any action that cannot legally be taken.' 15 U.S.C. 1692f(1)").

Section 1988 of Title 42 merely instructs the court as to what law to apply to civil rights actions and provides that attorney's fees may be awarded to a prevailing party. It does not create an independent cause of action or independent basis of jurisdiction. *See, e.g., Moor v. Alameda Cnty.*, 411 U.S. 693, 705 (1973) (explaining that Section 1988 was "intended to do nothing more than to explain the source of law to be applied in actions to enforce substantive provisions" of the Civil Rights Act); *see also Stagemeyer v. Cnty. of Dawson*, 192 F. Supp. 2d 998, 1006 (D. Neb. 2002) (dismissing § 1988 claim because no independent cause of action was created).

Next, 42 U.S.C. § 1986 is a derivative of, or dependent on, a cause of action brought under § 1985. *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981). Plaintiff

has not asserted a cause of action under § 1985, nor would the allegations of the Complaint be sufficient to state such a cause of action.

Finally, 28 U.S.C. § 2201 provides for declaratory judgments, but the statute is "strictly remedial in nature and does not provide a basis for subject matter jurisdiction." *First Federal Sav. and Loan Ass'n of Harrison, Ark. v. Anderson*, 681 F.2d 528, 533 (8th Cir. 1982).

In dismissing the Plaintiffs' previous action, Civil No. 5:18-CV-05121, the Court stated that should they attempt to file the same, or materially the same, complaint in this Court again, certain consequences would follow, including, but not limited to, the imposition of restrictions on their ability to file further lawsuits in this District. As the instant lawsuit marks the third one that Plaintiffs have filed in this Court concerning the same state foreclosure action—and the third one that the Court has dismissed for lack of federal subject matter jurisdiction—a filing restriction will be imposed on Plaintiffs to curtail their further abuse of the judicial process.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that this action is **DISMISSED WITH PREJUDICE** for failure to state a claim and for lack of subject matter jurisdiction pursuant to Rules 8(a), 12(b)(6), and 12(h)(3) of the Federal Rules of Civil Procedure. The Motions to Dismiss (Docs. 8, 11) are granted. All other pending motions are denied as moot.

**IT IS FURTHER ORDERED** that the **Clerk of Court** is **DIRECTED NOT FILE** any complaint that **JACQUALYNN GARRISON and/or OSAMAH A. BAKRI** submit for filing, *pro se*, unless and until Chambers has screened the complaint first and

determined that there is federal subject matter jurisdiction. Nothing in this Order will preclude a licensed attorney from filing actions on Plaintiffs' behalf, and nothing in this Order will preclude Plaintiffs from representing themselves as defendants in any matter.

**IT IS SO ORDERED** on this 13th day of March, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE